**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1247
_____

ROSA YAP MUNCHAK,
                              Appellant

v.


BECKY RUCKNO; GEISINGER HOSPITAL;
ESTATE OF LATE DR. ROBERT L. WALKER,
contact lawyer Wendy Tripoli; DR. AMY LAW;
MOFFITT CANCER CENTER; DR. ROBERT WENHAM;
DR. RAVI SHANKAR

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-16-cv-01639)
District Judge:  Honorable Mathew W. Brann

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2017

Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: July 5, 2017)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Rosa Yap Munchak appeals from the District Court's dismissal of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm.

I.

In August 2016, Munchak filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania. Munchak appears to allege that several defendants[1] violated her civil rights in connection with a December 2004 ovariohysterectomy at Geisinger Hospital in Pennsylvania, and a subsequent course of chemotherapy treatments administered between 2005 and 2010 in Pennsylvania and Florida. Specifically, Munchak claims that the surgery and course of medical treatment were unnecessary, performed without her adequately informed consent, and resulted in side-effects, including lower extremity neuropathy and edema, which plague her to this day.

In August 2016, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), the Magistrate Judge recommended dismissing Munchak's complaint for failure to state a claim upon which relief can be granted, and explained that amendment would be futile. Over Munchak's objections, the District Court, by order entered on December 13, 2016, adopted the recommendations of the Magistrate Judge. Munchak appeals.

_____

[1] The named defendants include: in Pennsylvania — Geisinger Hospital; Becky Ruckno, a Geisinger employee; Dr. Amy Law, an oncologist at Geisinger; the Estate of Dr. Robert L. Walker, a surgeon at Geisinger; and in Florida — Moffitt Cancer Center; Dr. Robert Wenham, an oncologist at Moffitt; and Dr. Ravi Shankar, a radiologist at Moffitt.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that even if Munchak's complaint could be construed as alleging a claim pursuant to 42 U.S.C. § 1983, she has failed to state a claim for relief. A § 1983 action may be maintained only against a defendant who acts under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Private actors, such as the non-governmental defendants named here, can be said to act under color of state law only if their conduct is fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). But none of the conduct alleged in the complaint can be fairly viewed as state action, and the District Court properly determined that the defendants are all private entities or individuals, not arms of the state. Munchak makes no allegation that

3

would even arguably support a claim that these private defendants acted under color of state law in any actions they took regarding her medical care.[2]

Moreover, any federal § 1983 claims arising from Munchak's medical treatment are subject to Pennsylvania's two-year statute of limitations applicable to personal injury actions, see 42 Pa. Cons. Stat. Ann. § 5524; Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989), and Florida's four-year residual personal injury statute of limitations, see Fla. Stat. § 95.11(3)(p). As Munchak's complaint was filed some six years after the treatments in question, dismissal was proper, and amendment as to Munchak's § 1983 claims would be futile. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (holding "amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted").[3]

---

[2] Munchak's argument that Geisinger Hospital and Moffitt Cancer Center are state actors because they receive federal and state funds is of no moment as the receipt of public funds and the performance of a function serving the public, alone, are not enough to make a private entity a state actor. Rendell-Baker, 457 U.S. at 840.

[3] Munchak's claim pursuant to Title VI of the Civil Rights Act of 1964, for the defendants' failure to provide a language interpreter to her to assist her in completing the consent forms for her treatment, is likewise barred by the states' personal injury statutes of limitations. See Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993) (finding claims under 42 U.S.C. § 1983 and Title VI governed by same statute of limitations); Frazier v. Garrison I.S.D., 980 F.2d 1514, 1520–22 (5th Cir. 1993) (holding applicable state personal injury statute of limitations determines length of limitation period within which to bring Title VI action). Any private medical negligence and malpractice claims that Munchak may have fail under the same statutory limitations, and the District Court does not have diversity jurisdiction with regard to the Pennsylvania defendants as Munchak is a Pennsylvania resident. See 28 U.S.C. § 1332(a).

## III.

For the foregoing reasons, we will affirm the District Court's judgment.